UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAYE POPOLI, on her own behalf and
all similarly situated individuals

       Plaintiff,

v.                               Case No:  2:15-cv-311-FtM-29CM

FT. MYERS LODGE #1899 LOYAL
ORDER OF MOOSE, INC.,

       Defendant.

_____

## ORDER

This matter comes before the Court upon review of Defendant's Second Motion to Quash Subpoena (Doc. 27) filed on September 23, 2015.   Defendant seeks to quash a subpoena to its bank, which requests Defendant's bank statements for twelve months, on the basis that it has a personal right or privilege and a privacy interest in the bank records.   On October 19, 2015, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Second Motion to Quash Subpoena.   Doc. 34.   The motion, therefore, is now ripe for review.   Having carefully reviewed the arguments, the record, and the applicable authority, the motion is due to be denied.

## Background

On May 18, 2015, Plaintiff filed a complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201, *et seq.*  Doc. 1.   Plaintiff alleges that she was employed by Defendant, an enterprise engaged in commerce, on or about June 2009.   Doc. 1 at 3.   She alleges that from at

least June 2009 through March 2015, Defendant failed to pay her at least the federal minimum wage for all weeks worked.   *See* Doc. 1.   She also alleges that Defendant failed to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular pay for work performed in excess of forty (40) hours.   *See* Doc. 1. Plaintiff alleges that Defendant engaged in commercial activities, including the operation of gambling machines, and that during this relevant time period it had an annual gross revenue in excess of $500,000.00.   Doc. 1 at 2.

On September 3, 2015, Defendant responded to Plaintiff's First Request for Admissions.   Doc. 34-1.   In response to Plaintiff's requests, Defendant denied that Plaintiff's W-2 form reflected all of her compensation, denied that all compensation that Defendant paid to Plaintiff was reported to the Internal Revenue Service, the Social Security Administration, and worker's compensation insurers.   Doc. 34-1 at ¶¶6-8.   Defendant also denied that Defendant's annual sales volume for 2012 exceeded $500,000.00.   *Id.* at ¶12.

Defendant seeks to quash a subpoena directed to BB&T Bank, which requests "[a]ny and all bank statements evidencing all deposits made from January 2012 through December 2012, made on behalf of Defendant, Fort Myers Lodge #1899 Loyal Order of Moose, Inc."   Doc. 27-1 at 4.   Defendant argues that it has a right and privilege in the subject matter of the materials sought, that it has an expectation of privacy in its financial affairs, that Plaintiff is conducting a fishing expedition "with the hopes to find something–anything–that would put Defendant's sales over $500,000.00," and that there are alternative means to obtain the required

information.   *See* Doc. 27.   The alternative means that Defendant proposes to obtain the required information is through its 2012 sales reports, which it has already produced to Plaintiff, and its complete 2012 tax returns, which it is in the process of producing to Plaintiff.   Doc. 27 at 2.

On the other hand, Plaintiff argues that that Defendant lacks standing to challenge the subpoena.   Plaintiff also argues that the requested documents are relevant to the case at hand because Defendant has specifically placed its financials at issue by denying that it had at least $500,000.00 in sales for the relevant time period listed in the subpoena.

## Analysis

Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."   Fed. R. Civ. P. 45(d)(3)(A). Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed."   *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979).[1]   *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does

---

[1] In *Bonner v. City of Richard*, 661 F.2d 1206, 1207, 1209 (11th Cir.)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought.")

District courts differ on whether parties have a personal right or privilege in their financial records sufficient to confer standing to challenge a third-party subpoena. *Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569 (D. Md. 1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank); *United States v. Gordon*, 247 F.R.D. 509, 510 (E. D. N. C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank in which the party has no personal right"); *Caroline Materials v. Continental Casualty Co.*, No. 3:08CV158-RJC, 2009 WL 4611519, at *3 (W. D. N. C. Dec. 1, 2009) (finding plaintiff lacked standing to file a motion to quash the subpoenas issued to third-party banks because "[p]laintiff has not asserted that it has a personal right to, or privilege in, the information sought in the subpoenas."). *But see Terwillegar v. Offshore Energy Srvs.*, Inc., No. 07-01376, 2008 WL 2277879, at *2 (E. D. La. 2008) (finding a person to whom a subpoena was not directed had standing to challenge the subpoena because "she has a personal right regarding information that is in the possession of [her banks].."); *Manusco v. Florida Metropolitan University, Inc.*, No. 09–61984–CIV, 2011 WL 310726, at *1 (S. D. Fla Jan. 28, 2011) (in an FLSA case, plaintiff had standing

to challenge a subpoena directed to his bank); *Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C.*, No. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) (holding that a party had standing to challenge a subpoena to the party's bank seeking bank records and check logs).

A majority of district courts in the Middle District, however, has held that party seeking to quash a subpoena aimed at a party's financial records does not have standing to move to quash the subpoena under Rule 45. *Cornett v. Lender Processing Services Inc.*, No. 3:12-cv-233-J-32TEM, 2012 WL 5305990, at *2, n. 3 (M.D. Fla. Oct. 29, 2012); *Auto-Owners Ins. Co. v. Southeast Floating Docs, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. Sep. 28, 2005). In *Cornett*, plaintiff sought to quash a subpoena aimed at the business records of third parties doing business with plaintiff. 2012 WL 5305990, at *1-2. The magistrate judge questioned whether plaintiff had standing to challenge the subpoena. *Id.* at *2. Since plaintiff sought consideration of a protective order as alternative relief, the magistrate judge focused his analysis for a protective order under Rule 26 rather than quashing the subpoena under Rule 45. Nonetheless, the magistrate judge also held that "[plaintiff's]'s request to quash the subpoenas under Rule 45 is also denied [as] [p]laintiff failed to establish standing to challenge the subpoenas in question," despite plaintiff's argument that he had a privacy interest in the sought documents. *Id.* at *2, n. 2, 3. According to the magistrate judge, "[t]he Middle District of Florida has previously held that financial records of third parties doing business with a party in a lawsuit may be discoverable

by subpoenas to the third parties, but those subpoenas must be narrowly tailored." *Id*. at *2.   (*citing* Auto-Owners Ins. Co. 231 F.R.D. 429-430).

In *Auto-Owners Ins. Co.*, defendants moved to quash third party subpoenas which sought, among other things, defendants' bank statements and cancelled checks for the previous two years.   231 F.R.D. at 428.   Defendants moved to quash the subpoenas on several grounds, including "[p]laintiff's discovery is nothing more than a fishing expedition[,] . . . the discovery seeks confidential and proprietary information[, and] the information sought can be more conveniently and less expensively obtained directly from [d]efendants."   *Id.*   The magistrate judge relied on the reasoning of *Clayton Brokerage Co., Inc.*, a decision from the District of Maryland, which held that a bank customer had no legitimate expectation of privacy in the contents of banking documents, to conclude that the

> financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore [d]efendants fail to establish a "personal right" regarding the records. . .   Therefore, Defendants do not have standing under rule 45 to quash the subpoenas regarding financial records.

*Id.* 429.   While the Court is mindful that the issue of standing under these particular facts is contested in other jurisdictions, and the Court has found no decision from the Eleventh Circuit on this issue, the Court will follow the reasoning of prior courts in this district and will rule consistently with *Cornett* and *Auto-Owners Ins. Co.*[2]

---

[2] The Court is aware of a subsequent Middle District opinion, *Quillet v. Jain*, No. 6:12–cv–1283–Orl–28TBS, 2014 WL 1918046, at *2 (M. D. Fla. May 13, 2014), in which the magistrate judge held that defendant had standing to bring a motion quash a subpoena because "the subpoenas request financial records in which he has an interest." In *Quillet,*

Accordingly, Defendant in this case has not proven that it has a personal right or privilege in the documents sought, and therefore does not have standing to challenge the subpoena.

Although Defendant does not have standing to challenge the subpoena, Defendant has standing to move for a protective order if the subpoena seeks irrelevant information. *Cornett*, 2012 WL 5305990, at *1. "The Court has authority to consider a motion to quash as a motion for protective order [under Rule 26]." *Id.*[3] Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [and the] [i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

---

however, the magistrate judge relied on some of the cases mentioned herein and did not consider the prior Middle District precedent with a contrary holding. Additionally, the plaintiff there did not argue against standing.

[3] See also *Auto-Owners Ins. Co.*, 231 F.R.D. 426, 429; *Washington v. Thurgood Marshall Acad.*, 230 F. R. D. 18, 22 (D. D. C. 2005) (even though Plaintiff did not seek a protective order as alternate relief in the three motions to quash that she had pending, the magistrate judge nonetheless analyzed whether a protective order should be entered).

Plaintiff alleges that she was employed by an enterprise engaged in commerce, and thus covered by the FLSA for the three years immediately preceding the date on which she filed her complaint.  Doc. 34 at 3.  For an employer to be considered a covered enterprise, it must have "annual gross sales made or business done . . . [of] not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated)."  29 U.S.C. 203(s)(1)(A)(ii).  Plaintiff argues that the documents sought are relevant because Defendant has put its financials directly at issue by denying that its gross sales in 2012 exceeded the threshold $500,000.00 for enterprise coverage under the FLSA.  Doc. 34 at 1.  Additionally, Plaintiff has specifically alleged that Defendant does not disclose all of its sales, including those from "illegal gambling" such that Defendant's tax returns will likely not disclose all sales.  Doc. 34 at 2.  The Court is persuaded by these arguments.

While Defendant does not specifically challenge the relevancy of the documents sought, it argues that there are alternative means to obtain the requested information, such as its sales reports and tax returns.  Defendant relies primarily on *Cordero v. Red Grouper Inc.* No. 8:08-cv-127-T-30MAP, 2008 WL 1781158 (M.D. Fla. Apr. 17, 2008), an FLSA case, in arguing that this Court should prohibit discovery on the issue of enterprise coverage because tax returns should suffice.  Doc. 27 at 2-3.  There, plaintiff filed a complaint alleging violations of FLSA for overtime wages and minimum wages.  *Cordero*, 2008 WL 1781158, at *1.  In response, defendants filed a motion to dismiss.  *Id.*  Plaintiff then moved the court to permit her to seek discovery for the limited purpose of determining whether

defendant met the monetary requirements for an "enterprise engaged in commerce." *Id*. In support of their motion to dismiss, defendants attached their tax returns reflecting their gross receipts or sales and the gross income earned. *Id*. The magistrate judge did not discuss whether plaintiff challenged the veracity of the tax returns for any specific reason; however, it found that in that case the tax returns sufficed to show that defendants did not meet the $500,000.00 threshold requirement. *Id*. The magistrate judge reasoned that "[r]ecent decisions by the district courts in this circuit, and particularly in this district, have held that an enterprise's total gross volume sales or business done *may* be determined from its tax returns." *Id*. (emphasis added). The Court does not construe the magistrate judge's ruling to mean that tax returns are per se conclusive evidence of enterprise coverage. In cases, such as here, where a plaintiff challenges the veracity of the tax returns, specifically because defendant has put its financials at issue and specifically because tax returns may not contain proceeds from gambling operations, bank records are relevant in helping plaintiff prove enterprise coverage. *See Lopez v. Pereyra*, No. 09-60734-CIV, 2009 WL 3586907, at *3 (S.D. Fla. Oct. 27, 2009) ("Plaintiffs bear the burden of establishing that Defendants are an enterprise within the meaning of the FLSA). The other cases in which Defendant relies also are inapposite here as they did not specifically address whether a plaintiff is entitled to discovery other than tax returns specifically when, as here, a defendant puts its financials directly at issue.[4]

---

[4] For example, in *Arilus v. Diemmanuele*, 522 F. App'x 881 (11th Cir. 2013), the court did not address whether a plaintiff is entitled to discovery other than tax returns; rather, the court concluded that in that case plaintiff had failed to adequately refute defendant's assertions that enterprise coverage did not apply because plaintiff relied on testimony that

When evaluating whether a movant has satisfied his burden of establishing "good cause" for a protective order, a court should balance the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result from the discovery. *Farnsworth*, 758 F.2d at 1547. Plaintiff's interests relate to her trial preparation and proving her case. Specifically, Plaintiff seeks the information listed in the subpoena to establish that Defendant is an enterprise within the meaning of the FLSA. Plaintiff's interests are important, "and great care must be taken to avoid their unnecessary infringement." *Id.* Defendant's interests relate to the preservation of privacy, if any, in its financial affairs. Defendant cites Florida state law in arguing that the Florida Constitution protects an entity's expectation of privacy in its financial affairs. This case, however, involves only federal law claims. In *United States v. Miller*, 425 U.S. 435 (1976), the Supreme Court held that there is no "expectation of privacy" in the contents of original checks and deposit slips in the possession of a bank as these records are bank's business records and not the

_____

the court found to "lack specificity" and "appear to be based solely on assumptions without direct knowledge of any under-reporting of annual sales or business done. *Id.* at 883-84. In *Lopez v. Top Chef Investment, Inc.*, No. 07-21598-CIV, 2007 WL 4247646 (S. D. Fla. Nov. 30, 2007), the court granted summary judgment because defendant had demonstrated that enterprise coverage did not apply and plaintiff failed to adequately refute the defendant's showing. *Id.* at *3. The *Lopez* court did not address whether a plaintiff is entitled to discovery to meet his or her burden of showing enterprise coverage; rather, the court found that plaintiff had not submitted sufficient evidence to rebut the amount of earnings reflected in the defendants' tax returns. *Id.* Similarly, in *Russel v. Continental Restaurant, Inc.*, 430 F.Supp.2d 521 (D. Md. 2006), defendants filed a motion to dismiss plaintiff's complaint and attached both an affidavit and the tax returns for the prior three years as support. *Id.* at 524. Without giving any explanation how additional discovery may lead to more evidence, plaintiff sought additional discovery before the court could rule on the dispositive motion. *Id.* The court was satisfied that the attached documents reflected that defendant's gross sale volume fell short of $500,000 and held that discovery would not lead to any genuine issues of fact. *Id.*

customer's private papers.   *Id.* at 440.   Although this case was later superseded by the Right to Financial Privacy Act of 1978, 12 U.S.C. §3401, *et seq.*, which gives customers standing to challenge *government* requests for bank records, "[n]othing in the Act . . . shields the records of a bank customer's transactions from discovery in a civil suit." *Sneirson v. Chemical Bank*, 108 F.R.D. 159, 162 (D. Del. 1985).   Plaintiff has not offered any reason why a right to privacy under the Florida Constitution precludes discovery of relevant information in a federal lawsuit.   *Id.*

For the reasons stated herein, the Court finds that Defendant has failed to show good cause for the protective order.   Defendant has not even argued that the subpoena will subject it to annoyance, embarrassment, oppression, or undue burden or expense.   The Court, in its discretion, finds that the balance weighs in favor of Plaintiff as to the banking records of Defendant's bank.   Additionally, the Court finds that the subpoena in question is sufficiently narrow as it only seeks bank statements for the limited period in which Defendant has denied it made $500,000.00. Mindful that the discovery deadline is January 14, 2016 (Doc. 19 at 1), the Court finds good cause to *sua sponte* extend the discovery deadline to February 1, 2016 to allow the parties and the bank sufficient time to comply with the subpoena and conduct any necessary further discovery as a result.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendant's Second Motion to Quash Subpoena (Doc. 27) is **DENIED**.

2.      The discovery deadline is extended up to and including **February 1, 2016.**   All other deadlines and directives in the Case Management and Scheduling Order (Doc. 19) remain in effect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record