## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JAYE POPOLI, on her own behalf and
all similarly situated individuals

       Plaintiff,

v.                              Case No:  2:15-cv-311-FtM-29CM

FT. MYERS LODGE #1899 LOYAL
ORDER OF MOOSE, INC.,

       Defendant.

---

### REPORT AND RECOMMENDATIONS[1]

    This matter comes before the Court upon review of the Amended Joint Motion for Dismissal with Prejudice (Doc. 42) filed on March 1, 2016.   The parties originally filed a Joint Motion for Dismissal with Prejudice and Settlement Approval (Doc. 39) and the Court found that the monetary terms of the settlement agreement appeared to be fair and reasonable.   Doc. 40.   The Court, however, denied without prejudice the original motion because the settlement agreement contained a confidentiality provision, a general release of claims, and a non-disparagement clause.   *Id.*   The Court ordered the parties to file an amended joint motion with the confidentiality provision removed.   Doc. 40 at 7-8.   Further, the Court ordered the parties to either

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.   **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

remove the non-disparagement and the general release provisions, or identify what independent consideration the Plaintiff received in exchange for these provisions. Id. at 5-8.   In compliance, the parties filed a joint stipulation (Doc. 41) wherein they agree to strike the offending provisions from their settlement agreement: (1) the general release; (2) the confidentiality provision; and (3) the non-disparagement provision.   Doc. 41 at 2.   The parties also have stipulated to strike the neutral reference provision.   *Id.*   The present motion followed.   For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The
> employees are likely to be represented by an attorney who can

protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for Defendant as a kitchen manager.   Doc. 1 at 3.   She was employed by Defendant from approximately June 2009 to March 2015. *Id.*   Plaintiff's Complaint alleges that throughout her employment, Defendant failed to pay her at least federal minimum wage for all weeks worked.   *Id.* at 4.   Plaintiff's Complaint also alleges that during her employment she worked in excess of forty (40) hours per week, for which she was not compensated at the statutory rate of one and one-half times her regular rate of pay.   *Id.* at 5.   The parties represent that Plaintiff sought forty hours of unpaid overtime per week, at an overtime rate of fifteen ($15.00) dollars, for the three years immediately preceding the date of her Complaint.   Doc. 42 at 1.   Thus, Plaintiff sought $87,000 plus liquidated damages, attorney's fees and costs "(or 600.00 per week in unpaid overtime)".   *Id.*

The parties represent that there were multiple disputes in the parties' positions in this action.   Specifically, "Defendant denied and continues to deny liability and asserted several defenses and affirmative defenses which – had they succeeded – could have resulted in the dismissal of Plaintiff's claim in its entirety." *Id.*   At the time of the parties' settlement, Defendant had a pending motion to

dismiss.   Doc. 12.   The parties agree that if Defendant succeeded in its motion to dismiss, Plaintiff would have received nothing.   Doc. 42 at 2.   Alternatively, if Defendant succeeded in its defenses, Plaintiff's damages would be significantly reduced, or Plaintiff would recover nothing.   *Id.*   As such, the parties have agreed that Defendant will pay Plaintiff a total of $87,000.00 with $43,500.00 deemed to be wages, and $43,500.00 deemed to be liquidated damages.   Doc. 39-1 at 3.   The parties also expressly agree that "Plaintiff's $87,000[.00] recovery . . . is undoubtedly fair and reasonable under the circumstances at bar."   Doc. 42 at 3.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.   See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant further agrees to pay Plaintiff's attorney's fees and costs in the amount of $43,000.00.   Doc. 39-1 at 3.   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect Plaintiff's recovery.   Doc. 42 at 3. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel

is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Thus, having reviewed the settlement agreement (Doc. 39-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes that the settlement agreement contains a no re-hire provision. Doc. 39-1 at 3.   "[W]here a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair." *Cruz v. Winter Garden Realty, LLC*, No. 6:12-CV-1098-ORL-22, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013).   Here, the agreement states that "Plaintiff agrees and recognizes that she will not apply for or otherwise seek employment with Defendant." Doc. 39-1 at 3. The Court finds that the inclusion of this particular provision does not render the agreement unfair.   Moreover, as previously stated, the settlement agreement includes a confidentiality provision, a general release provision, and a

non-disparagement provision.   Doc. 39-1.   Because the parties have filed a stipulation (Doc. 41) to strike these provisions, the Court recommends that the settlement agreement (Doc. 39-1), as modified by the parties' subsequent stipulation (Doc. 41), be approved.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.     The Amended Joint Motion for Dismissal with Prejudice (Doc. 42) filed on March 1, 2016 be **GRANTED**, and the Settlement Agreement (Doc. 39-1) and Stipulation (Doc. 41) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.     The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record